IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWN JEFFERSON,
   *Plaintiff*,

v().

WESTLAKE FINANCIAL SERVICES,
LLC, d/b/a WESTLAKE FINANCIAL
SERVICES,
   *Defendant*.

Civil Action No. ELH-17-2823

**MEMORANDUM**

Self-represented plaintiff Shawn Jefferson filed suit against Westlake Financial Services, LLC, d/b/a Westlake Financial Services ("Westlake"). ECF 1 (Complaint).[1] It appears from the Complaint and from documents attached as exhibits that plaintiff obtained a car loan that was subsequently acquired by Westlake. *See* ECF 1-1 at 7. Plaintiff alleges "illegal repossession of [plaintiff's] vehicle," and asserts that defendant "charg[ed] more than [the] maximum rate of interest allowed" in Maryland. ECF 1-1 at 1 (Statement of Claim). Plaintiff seeks to "have the loan removed from [his] credit report," as well as $150,000 in damages. ECF 1 at 7.

Of importance here, plaintiff alleges federal question jurisdiction in his Complaint, but cites no federal statute in support of this allegation. *Id.* at 4. Instead, plaintiff cites two United States Supreme Court cases from the late nineteenth century, *United States v. Sayward*, 160 U.S. 493 (1895), and *Fishback et al. v. Western Union Tel. Co.*, 161 U.S. 96 (1896).

Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. ECF 10. Westlake has also moved to dismiss under Fed. R. Civ. P.

---

[1] The cover page of plaintiff's civil complaint form refers to defendant as "Westlake Services LLC." ECF 1 at 1. Elsewhere in the Complaint, plaintiff sues "Westlake Financial Services." *Id.* at 2. The Clerk shall correct the docket to reflect the defendant's correct name, as set forth by defendant. *See* ECF 10 at 1.

12(b)(6), for failure to state a claim. *Id.* The motion to dismiss is supported by a memorandum of law. ECF 10-1 (collectively, "Motion"). The Clerk sent a Rule 12/56 notice to plaintiff on January 12, 2018, advising plaintiff of his right to respond within 17 days, and that failure to respond might result in dismissal of the case. ECF 11. Plaintiff did not respond to the Motion.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. Because plaintiff has not adequately alleged the existence of subject matter jurisdiction, I shall grant the Motion, without prejudice.

### I. Subject Matter Jurisdiction

### A. Legal Standard

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of*

*Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Westlake raises a facial challenge to the Court's subject matter jurisdiction, based on the four corners of the Complaint.

### B. Discussion[2]

Fed. R. Civ. P. 8(a)(1) requires that a claim for relief include "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's civil complaint form contains a section concerning the basis of jurisdiction for the suit. ECF 1 at 4. Two check-boxes are presented, for "Federal question" and "Diversity of citizenship." *Id.* Plaintiff was directed to "check all that apply." *Id.* Notably, he checked only the box for federal question jurisdiction. *Id.* When prompted to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" (*id.*), plaintiff listed two Supreme Court cases. Those cases, *United States v. Sayward*, 160 U.S. 493 (1895), and *Fishback et al. v. Western Union Tel. Co.*, 161 U.S. 96 (1896), discuss, *inter alia*, the amount-in-controversy requirement for diversity jurisdiction. It is unclear how they are relevant to this case. In any event, the cases are insufficient to confer federal question jurisdiction. *See* 28 U.S.C. § 1331.

---

[2] I am mindful that plaintiff is *pro se*, and therefore I must construe his submissions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As defendant points out (ECF 10-1 at 3), under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Of import here, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted).

There is no indication in plaintiff's Complaint that his claims arise under any federal statute, federal treaty, or provision of the Constitution. Plaintiff mentions a section of the Virginia code, Va. Code § 6.2-2217, which concerns the repossession and sale of motor vehicles. *See* ECF 1-1 at 1. Of course, this state statute does not afford a federal cause of action. And, plaintiff cites "as precedent" another case from this Court brought against Westlake, *McDaniels v. Westlake Services, LLC et al.*, ELH-11-1837 ("*McDaniels*"). *See* ECF 1-1 at 1. Jurisdiction in *McDaniels* was based on diversity as to various claims under Maryland law. *See McDaniels*, ECF 1, ¶¶ 1, 21. But, it was also founded on a federal question because the case arose, *inter alia*, under the federal Class Action Fairness Act of 2005, codified in relevant part at 28 U.S.C. § 1332(d), and the Fair Debt Collection Practices Act, codified in relevant part at 15 U.S.C. § 1692k(d). *See McDaniels*, ECF 1 (Complaint), ¶ 21; ECF 49 (Memorandum Opinion) at 2 n.4. Jefferson has not alleged that either of these statutes is implicated in this case.

Other parts of the Complaint here suggest that this suit could have been brought on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Jefferson provided contact information indicating that he resides in Maryland and suggesting that Westlake is based in California. ECF 1 at 2. Moreover, the relief requested includes $150,000 in damages. *Id.* at 7. If Jefferson is domiciled in Maryland, and Westlake is a corporation domiciled in California, jurisdiction could

be alleged on the basis of diversity of citizenship. But, plaintiff has not asserted diversity as a basis for jurisdiction.

The Fourth Circuit has said that "in the absence of an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). *See also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 652 n.6 (4th Cir. 2006) ("Nonetheless, a district court 'may sustain jurisdiction when an examination of the entire complaint reveals a proper basis for assuming jurisdiction other than one that has been improperly asserted.'" (Citation omitted)).

Although the Complaint suggests the possibility of diversity jurisdiction, such facts have not been "clearly pleaded." For example, simply because Westlake may be contacted at an address in California does not mean that it is domiciled there. Moreover, as noted, plaintiff failed to check the box for diversity jurisdiction, despite the clear opportunity to do so. *See* ECF 1 at 4.

Because plaintiff has not properly alleged that this Court possesses subject matter jurisdiction over this action, the Complaint must be dismissed, without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Plaintiff may file an Amended Complaint by May 9, 2018.

## II.     Failure to State a Claim

As noted, defendant also moves to dismiss the Complaint for failure to state a claim, under Fed. R. Civ. P. 12(b)(6). *See* ECF 10 at 5-6. However, because plaintiff has not sufficiently alleged this Court's jurisdiction, I shall not consider that issue at this time.

### III. Conclusion

For the reasons stated above, I shall GRANT defendant's Motion under Fed. R. Civ. P. 12(b)(1). An Order follows.

Date: April 3, 2018

/s/
Ellen Lipton Hollander
United States District Judge